# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL D. WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-07-061-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER AWARDING ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying his benefits under the Social Security Act. In Wood's Amended Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 27-1], the Plaintiff sought an award of attorney's fees in the amount of $3,006.00 and costs in the amount of $364.16 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and requested that the EAJA fees and costs be paid directly to his attorney. The Commissioner indicated he had no objection to an award of attorney's fees in the amount of $3,006.00 and costs in the amount of $364.16 to the Plaintiff as the prevailing party under the EAJA, but he did object to the attorney's fees and costs being paid directly to the Plaintiff's attorney. *See* Docket No. 28-1.

For the reasons previously set forth by this Court in *Dobbs v. Astrue*, No. CIV-06-037-SPS (E.D. Okla. June 22, 2007) and *Winslow v. Astrue*, No. CIV-05-443-SPS (E.D. Okla. July 6, 2007), *appeal docketed*, No. 07-7060 (10th Cir. July 23, 2007), the Court

hereby awards costs and attorney's fees under the EAJA to the Plaintiff as the prevailing party, *see* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]")) [emphasis added], but declines to order such award paid directly to the Plaintiff's attorneys.

Accordingly, Wood's Amended Application for Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 27-1] is hereby GRANTED insofar as it seeks an award of attorney's fees and costs to the Plaintiff as the prevailing party under the EAJA, and the Plaintiff is hereby awarded attorney's fees in the amount of $3,006.00 and costs in the amount of $364.16. Wood's Amended Application for Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 27-1] is hereby DENIED insofar as it seeks an order of the Court directing payment of said attorney's fees and costs directly to the Plaintiff's attorney.

**IT IS SO ORDERED** this 31st day of October, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**